IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS RAEL,

    Plaintiff,

v.                                                                                                                                                                                                    No. 1:15-CV-00983-SCY/KK

SMITH'S FOOD & DRUG CENTERS, INC.
and ART SUAZO, individually and as an employee
of SMITH'S FOOD & DRUG CENTERS, INC.,

    Defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE CLAIM

THIS MATTER comes before the Court on Plaintiff's Motion to Reinstate Claim (ECF No. 31). In the Motion, Plaintiff moves to reassert a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 through 634 (ADEA). For the reasons explained below, the Court DENIES Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff initially filed his complaint pro se in the Eighth Judicial District Court of the State of New Mexico. ECF No. 1-1. In his Complaint, Plaintiff alleged one claim under the ADEA. ECF No. 1-1. Defendants subsequently removed the lawsuit to this Court on the basis of federal question jurisdiction. ECF No. 1. After the case was removed, Plaintiff obtained counsel and filed an amended complaint. ECF No. 6. The amended complaint contained no claim under the ADEA but added state law claims for intentional infliction of emotional distress and prima facie tort. ECF No. 6. Defendants subsequently moved to dismiss these claims on the basis that they were preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). In response, Plaintiff filed a motion to remand asserting that federal question jurisdiction no longer existed and that Plaintiff's suit should be remanded to state court. ECF No. 22. On

1

September 19, 2016, this Court concluded that Plaintiff's state law claims were preempted by Section 301 and granted Defendants' motion to dismiss. ECF No. 27. On October 5, 2016, Plaintiff filed the present motion seeking to reinstate his ADEA claim. ECF No. 31.

## II.     ANALYSIS

In the Motion, Plaintiff summarily contends that he did not withdraw the ADEA claim when he amended his complaint and that the Court's conclusion that his claims were preempted by § 301 does not apply to his ADEA claim. ECF No. 31. He argues that he should therefore be permitted the opportunity to reinstate the claim. ECF No. 31. In response, Defendants argue that Plaintiff is attempting to amend his complaint after a final judgment has been entered and must therefore move to do so under Fed.R.Civ.P. 60(b). *See Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996) ("[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)" (internal quotation marks and citation omitted)).

Rule 60(b) provides six bases for a court to "relieve a party or its legal representative from a final judgment, order, or proceeding." These bases include

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(1)-(6). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

In light of Defendants' argument, Plaintiff argues in his reply that the Court's order dismissing his suit should be set aside and that he should be permitted to amend his complaint under Rule 60(b)'s exception for "any other reason that justifies relief" (ECF No. 34). Fed.R.Civ.P. 60(b)(6). "Rule 60(b)(6) has been described as a grand reservoir of equitable power to do justice in a particular case." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (internal quotation marks and citation omitted). "[A] district court may grant a 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Id.* "The Supreme Court of the United States indicated that the term 'extraordinary circumstances' contemplates that the party is 'faultless' or not 'partly to blame.'" *Thompson v. THI of New Mexico at Casa Arena*, 2009 WL 3205313, *3 (D.N.M. August 28, 2009) (citing *Pioneer Inv. Services Co v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993)). In other words, "relief is not proper based upon misconduct or litigation choices made by the party seeking relief." *Id.*

As an initial matter, the Court rejects Plaintiff's contention that he did not withdraw the ADEA claim when he amended his complaint to assert the two state law causes of action. An amended complaint supercedes an original complaint "and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). The fact is, Plaintiff filed an amended complaint and failed to assert a claim under the ADEA, thereby withdrawing the claim. The Court understands Plaintiff to argue that the ADEA claim is still before the Court because there was no adjudication of the claim on the merits. Plaintiff's argument, however, fails to grasp that the original complaint containing the ADEA claim was of no legal effect once he filed the amended complaint. The Court does not presume to know Plaintiff's intent in removing the ADEA claim, i.e., whether it was an attempt to destroy federal

jurisdiction or whether Plaintiff's newly hired counsel did not believe the claim was ultimately meritorious. Regardless, what is clear is that Plaintiff made some type of strategic decision in choosing not to reassert the ADEA claim in his amended complaint. As noted above, however, a miscalculated litigation decision provides no basis for relief under 60(b)(6). *See Thompson*, 2009 WL 3205313, \*3; *cf. Cashner*, 98 F.3d 572 (stating that Rule 60(b) relief "is not available for a party who simply misunderstands the legal consequences of his deliberate acts.").

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Reinstate Claim (ECF No. 31).

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent

4